**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristina Rueling,<br><br>Plaintiff,<br><br>v.<br><br>MOBIT LLC, et al.,<br><br>Defendants. | No. CV-18-00568-PHX-BSB<br><br>**ORDER** |

Defendants, MOBIT, LLC and James Koch, have filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. (Doc. 10.) The motion is fully briefed. (Docs. 11, 18.) As set forth below, the Court grants Defendants' motion.

**I.     Background**

In this matter, Plaintiff Kristina Rueling asserts claims for failure to pay minimum wages under the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and failure to make timely payment of wages under the Arizona Wage Act, Ariz. Rev. Stat. §§ 23-351, 23-353, and 23-355. (Doc. 1.) Plaintiff alleges that Defendant MOBIT LLC is a mobile marketing company, Defendant James Koch is the owner of MOBIT LLC, and that she was a sales representative and full-time employee of these Defendants from August 2017 until November 2017. (*Id.* at ¶¶ 8-11, 17-19.)

On November 20, 2017, Plaintiff provided a one-week notice that she would be resigning. (*Id.* at ¶ 19.) Plaintiff alleges that she was terminated that same day and that

Defendants did not pay her final paycheck for work she performed between November 1, 2017 and November 20, 2017. (*Id*. at ¶¶ 19-20.) Plaintiff estimates that her final paycheck should have been "around $5,000." (*Id*. at ¶ 20.) Plaintiff alleges that she requested her paycheck several times. (*Id*. at ¶ 21.) Plaintiff seeks unpaid minimum wage compensation, liquidated damages, and statutory penalties for Defendants' alleged violations of the FLSA. (*Id*. at ¶ 2.) Plaintiff seeks unpaid wages, treble damages, and statutory penalties for Defendants' alleged violations of the Arizona Wage Act. (*Id*. at ¶ 3.)

In their motion to dismiss, Defendants assert that MOBIT LLC is a Delaware-based company that has no employees and no contractors. (Doc. 10, Ex. 2.) Defendants assert that MOBIT LLC never had a contract with Plaintiff. (*Id*. at 2, n.2; Ex. 1 at ¶¶ 3-5.) Defendants further assert that Plaintiff was a contractor with a New Zealand-based company called MOBIT Technologies Ltd.[1] (*Id*., Ex. 1 at ¶¶ 2-3.) In response to the motion to dismiss, Plaintiff refers to "MOBIT" and does specify whether she is referring to Defendant MOBIT LCC, or MOBIT Technologies Ltd, an entity that has not been named as a defendant in this matter.[2] (*See* Doc. 11.) Plaintiff states that on December 12, 2017, and again on February 6, 2018, "MOBIT" asked Plaintiff to release her claims in exchange for $5,000 and she rejected these offers. (*Id*. at 2-3.)

On March 15, 2018, MOBIT Technologies Ltd. wired $5,000 to Plaintiff's bank account. (Doc. 10 at 2; *see also* Doc. 11 at 3, Ex. 3 at ¶ 5 (Plaintiff acknowledges the wire transfer, but states it was from "MOBIT" and does not specify whether the funds were from MOBIT LLC or MOBIT Technologies Ltd.).) Defendants state that this

---

[1] Defendants argue that MOBIT LLC and Koch were not Plaintiff's employers and therefore Plaintiff has filed this action against improper parties. However, they do not seek dismissal of Plaintiff's claims on that basis and the Court does not need to address this issue to resolve the motion to dismiss. (*See* Doc. 10.)

[2] The exhibits to Plaintiff's response include correspondence with MOBIT Technologies Ltd., and a proposed termination agreement and a proposed release from MOBIT Technologies Ltd. (Doc. 11, Exs 1, 2, 4, and 6.) Plaintiff's exhibits also include a declaration from her attorney in which he states he sent a settlement offer to MOBIT LLC, and "MOBIT" responded with a counter offer and then sent an unauthorized wire transfer of $5,000 to Plaintiff's bank account. (*Id*., Ex. 3.)

amount addresses the wages allegedly owed to Plaintiff under her contract through November 20, 2017, plus an additional sum. (Doc. 10, Ex. 1 at ¶ 8.) Plaintiff's bank charged her $20.00 for the transaction. (Doc. 11, Ex. 3.) Plaintiff asserts that she "rejected the tendered offer of settlement." (*Id.*, Ex. 6.) Defendants' counsel notified Plaintiff's counsel that MOBIT Technologies Ltd. had paid Plaintiff in full and asked that Plaintiff dismiss the case. (Doc. 10, Ex. 3 at ¶ 3.) Plaintiff refused to do so. (*Id.*) Defendants filed the pending motion to dismiss on the ground that Plaintiff's FLSA claim is moot and, therefore, the Court lacks jurisdiction over this matter.

## II. Standard of Review

A party seeking to invoke the jurisdiction of the federal courts must establish "standing" under Article III of the United States Constitution. *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 820-21 (9th Cir. 2002). "The 'core' or 'bedrock' elements of standing" are "a (1) legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress." *Id*. If a party lacks standing, she may not bring her suit in federal court. *Id*.

A party must maintain a live controversy throughout the litigation. *Di Giorgio v. Lee*, 134 F.3d 971, 974 (9th Cir. 1998). If an action or claim no longer presents a live controversy, the action or claim becomes moot and the court lacks jurisdiction to resolve the underlying dispute. *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) ("Generally, an action is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (citation and internal quotation marks omitted). Mootness is a sometimes referred to as "the doctrine of standing set in a time frame." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). "A case becomes moot when interim relief or events deprived the court of the ability to redress the party's injuries." *Am. Cas. Co. of Reading, Penn. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994). When a case becomes moot, the party loses standing, the court loses jurisdiction, and the matter must be dismissed. *Doe v. Madison School Dist. No*. 321, 177 F.3d 789, 797-98 (9th Cir. 1999).

### III. Plaintiff's FLSA Claim is Moot

Under the FLSA, employers must pay the federal minimum wage, at the rate set by statute, to an employee "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 206(a). Since July 24, 2009, the federal minimum wage has been $7.25 per hour and, therefore, this is the rate that applies to Plaintiff's minimum wage claim for hours worked in November 2017. *See* 29 U.S.C. § 206(a)(1). Plaintiff, as "[a]n employee seeking to recover unpaid minimum wages or overtime under the FLSA 'has the burden of proving that [s]he performed work for which [s]he was not properly compensated.'" *Brock v. Seto*, 790 F.2d 1446, 1447–48 (9th Cir. 1986) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

In Count I of the Complaint, Plaintiff alleges that Defendants violated the FLSA by failing to pay her the minimum wage for work performed between November 1 and 20, 2017.[3] (Doc. 1 at ¶¶ 20, 33-41); *see* 29 U.S.C. § 206. Plaintiff does not allege that she worked overtime. (Doc. 1 at ¶¶ 20, 33-41.) Thus, Plaintiff claims that she was not paid minimum wage for a maximum of three weeks in which she worked 40 hours per week. Plaintiff's damages for Defendants' alleged failure to pay the federal minimum wage amount to $870 ($7.25 x 120 hours) plus liquidated damages, for a total of $1,740 *See* 29 U.S.C. § 216(b).[4] The $5,000 that MOBIT Technologies Ltd. wired to Plaintiff's bank account, less $20 for the transaction fee, exceeds $1,740 and, therefore, exceeds the damages that Plaintiff can recover on her FLSA claim. *See id*. Accordingly, Plaintiff's FLSA claim is moot. *See Kouba v. Renzenberger, Inc.,* 2012 WL 7149410, at *2

---

[3] Defendants state that Plaintiff was a contractor for MOBIT Technologies Ltd and, therefore, the FLSA and the Arizona Wage Act do not apply to her. (Doc. 10 at 4 n.4.) However, Defendants do not seek dismissal of Plaintiff's claims on this basis. (*Id*.) Therefore, the Court does not address this issue.

[4] Pursuant to 29 U.S.C. § 216(b) "[a]ny employer who violates the provisions of section 206 or section 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages."

(D. Ariz. Jul. 6, 2012) (plaintiff's claim for unpaid wages FLSA was moot because defendant tendered to plaintiff the maximum amount of damages plaintiff could collect), *report and recommendation adopted by* 2013 WL 593458 (D. Ariz. Feb. 7, 2013); *Orozco v. Borenstein*, 2012 WL 3762408, at *2-*3 (D. Ariz. Aug. 29, 2012) (FLSA claims were moot because defendant had reimbursed minimum wage employees for the fees deducted from their paychecks and paid liquidated damages); *Evans v. Gen. Mech. Corp.*, 2012 WL 1450107, at *1 (M.D. Fla. 2012) ("FLSA claims are frequently mooted when an employer/defendant tenders 'full payment.'").

In *Kouba* and *Orozco*, courts in this district dismissed plaintiffs' FLSA claims after defendants tendered payment for the plaintiffs' full damages. In *Kouba*, plaintiff alleged that his employer violated the FLSA by failure to pay overtime wages. *Kouba*, 2012 WL 7149410, at *1. After plaintiff filed suit, defendant tendered plaintiff one check for the overtime wages and a separate check for the statutory damages and interest. *Id*. Plaintiff cashed the larger check because he believed it was an admission of wrongdoing by defendant, but did not cash the smaller check because he did not want to give up his right to a jury trial. *Id*. The court concluded that because defendant had tendered payment for the maximum amount of damages plaintiff could receive, plaintiff's FLSA claim was moot. *Id*. at *2.

Similarly, in *Orozco*, plaintiffs in a putative class action alleged that their employer violated the FLSA and the Arizona Wage Act by making improper deductions from their paychecks and thus failing to pay plaintiffs the minimum wage. *Orozco*, 2012 WL 3762408, at *1. After plaintiffs filed suit, the employer reimbursed the named plaintiff and all of the putative class members for the alleged improper deductions, along with liquidated damages, and filed a motion to dismiss for lack of subject matter jurisdiction on the ground that there was no longer a live case or controversy. *Id*. The court noted the reluctance to find a putative class action moot when a defendant makes an offer of judgment to the named plaintiff only, whether before or after a motion to certify the class is filed. *Id*. at * 3 (citing *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339

(1980)). However, in *Orozco*, "the tender was made not only to the named plaintiff, but also members of the putative class." *Orozco,* 2012 WL 3762408, at *3. The court concluded that it lacked subject matter jurisdiction because plaintiff and the putative class members had been fully compensated for all possible damages under the FLSA. *Id*. at *4-5.

In her response, Plaintiff does not address these cases but instead argues that the transfer of $5,000 into her bank account does not moot her FLSA claim because she did not accept the wire transfer and there is no binding settlement agreement between the parties. (Doc. 11 at 4-6.) To support this argument, Plaintiff cites cases for the proposition that an unaccepted settlement offer does not moot a case. (*Id*. at 4-5 (citing *O'Neal v. America's Best Tire*, 2016 WL 3087296 (D. Ariz. June 2, 2016), *Chen v. Allstate Ins. Co*., 819 F.3d 1136 (9th Cir. 2016), *Campbell-Ewald Co. v. Gomez*, ___ U.S. ___, 136 S. Ct. 663, 670 (2016)).) Plaintiff's argument is misplaced because Defendants do not argue that there is a settlement agreement between the parties and they do not seek dismissal based on the terms of a purported settlement agreement. Instead, Defendants argue that Plaintiff's claims are moot because she has received full payment for her alleged FLSA damages.[5] Furthermore, as set forth below, the cases Plaintiff cites are distinguishable and do not support her argument.[6]

Plaintiff first cites *O'Neal*, a case from this district. (Doc. 11 at 4.) In *O'Neal*, defendants moved for summary judgment on the ground that plaintiffs' claims for unpaid

---

[5] Plaintiff also asserts that the Court should deny the motion to dismiss because the settlement of an FLSA claim must be supervised by the Department of Labor or the Court. (Doc. 11 at 6 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), *Dail v. George A. Arab, Inc*., 391 F. Supp. 2d 1326, 1331 (M.D. Fla. 2005)).) The Court rejects this argument because Defendants do not seek dismissal based on a purported settlement agreement, and there is no settlement compromising Plaintiff's FLSA claim in this case. In other words, even if these cases presented binding authority in this Court, there is no settlement agreement for the Court to approve or reject and therefore these cases are irrelevant to the mootness issue raised in the motion to dismiss.

[6] Defendants argue that the cases Plaintiff cites are distinguishable because they involved putative class actions. (Doc. 18 at 2.) The class action aspect is one distinguishing feature of these cases. However, the Court does not rely on that aspect alone to distinguish these cases from Plaintiff's case.

overtime compensation were moot because they had paid plaintiffs an amount equal to the unpaid compensation and liquidated damages. *O'Neal,* 2016 WL 3087296, at *2. Plaintiffs argued that their claims were not moot because they had not accepted, cashed, or deposited the checks. *Id.* The court denied summary judgment explaining that because the plaintiffs had "not accepted the checks tendered by [the defendants] . . . the parties remain[ed] adverse and retained the same stake in the litigation that they had at the outset." *Id.* at *3 (citing *Campbell-Ewald Co.,* 136 S. Ct. at 670-71).

The facts of this case differ from the facts in the *O'Neal* case, in which plaintiffs did not accept, cash, or deposit the checks that defendants tendered. In this case, Plaintiff argues that she rejected settlement offers and did not accept the wire transfer, but she does not state that she returned the funds or suggest that the money was placed in her account subject to any conditions or restrictions. *See O'Neal,* 2016 WL 3087296, at *3 (citing *M.M. v. Lafayette School Dist.*, 2014 U.S. App. LEXIS 18979 (9th Cir. Oct. 1, 2014) (acknowledging that payment in full moots a case, but distinguishing the O'Neal plaintiffs' refusal of checks from circumstances in which a plaintiff does not refuse payment.)

Plaintiff also cites the Ninth Circuit's decision in *Chen.* (Doc. 11 at 5-6.) In *Chen*, the court explained that "a lawsuit—or individual claim—becomes moot when a plaintiff actually received all of the relief he or she could receive on the claim through further litigation." *Chen*, 819 F.3d at 1145 (citing *Campbell-Ewald*, 136 S. Ct. 663). The court concluded that depositing $20,000 in an escrow account for plaintiff's individual damages claim, and agreeing to injunctive relief, did not afford plaintiff actual relief and therefore did not moot his individual claims for damages and injunctive relief. *Id.* at 1144. Defendant had deposited funds in an escrow account pending entry of a final court order or judgment "directing the escrow agent to pay the tendered funds to the plaintiff . . . and dismissing this action as moot." *Id.* The court noted that defendant had "neither deposited the $20,000 in the court nor unconditionally relinquished its interest in the

$20,000 to [the plaintiff]." *Id*. at 1146. Rather, defendant retained an interest in the funds. *Id*.

Unlike *Chen*, in this case MOBIT Technologies Ltd. made a wire transfer of $5,000 to Plaintiff's bank account, without restrictions or conditions, and thus relinquished its interest in that amount to Plaintiff. (Doc. 11, Ex. 3 at ¶ 7.) Plaintiff states that she rejected a settlement offer and the wire transfer. (Doc. 11 at 4, 6.) However, as previously noted, Plaintiff does not dispute that the $5,000 was wired to her bank account without restrictions, and she does not argue that she returned the $5,000 to MOBIT Technologies Ltd., MOBIT LLC, or "MOBIT." (*See* Doc. 11, Ex. 5.) Therefore, the Ninth Circuit's decision in *Chen* is distinguishable and does not support Plaintiff's argument that her FLSA claim is not moot.

Finally, Plaintiff quotes the Supreme Court's decision in *Campbell-Ewald*. (Doc. 11 at 4, 5.) In that case, the Court held that an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case. *Campbell-Ewald*, 136 S. Ct. at 670-71. Plaintiff does not discuss the facts of *Campbell-Ewald* or explain how its holding is relevant in this matter. In that case, plaintiff filed a class action complaint alleging violations of the Telephone Consumer Protection Act ("TCPA"). *Id*. at 667. Defendant proposed to settle the named-plaintiff's individual claim and filed an offer of judgment for plaintiff's costs, personal treble damages, and injunctive relief. *Id*. at 667-78. Plaintiff did not accept the offer of judgment and it expired after the time specified in Rule 68 of the Federal Rules of Civil Procedure. *Id*. at 668. The Court rejected defendant's argument that the expired, unaccepted offer of judgment satisfied plaintiff's claims and rendered his case moot. *Id*. at 670 (defendant's "settlement bid and Rule 68 offer of judgment, once rejected, had no continuing efficacy") (citations omitted).

In *Campbell-Ewald*, unlike this case, defendant did not tender full payment of plaintiff's claims, and did not make any settlement offer for the class claims. Instead, defendant simply made a rejected settlement offer through an offer of judgment, and did not make any payment to plaintiff to satisfy his claims. Therefore, *Campbell-Ewald* is

- 8 -

distinguishable from the facts of this case—in which Plaintiff has received a full and unrestricted payment for her alleged FLSA damages—and it does not support Plaintiff's arguments that her FLSA claim presents a live controversy before this Court.

After citing these cases, Plaintiff argues that the $5,000 payment is a "legal nullity" and that her claims are not moot because "Defendants would not take 'no' for an answer."[7] (*Id.*) However, she does not argue that if this matter were to proceed, and she prevailed on her FLSA claim, she could receive an award for damages that would exceed the amount of the unrestricted funds deposited in her account. Therefore, Plaintiff's arguments do not establish that there is any additional relief the Court can provide on her FLSA claim.

Based on the allegations in the Complaint, the Court concludes that $5,000 satisfies Plaintiff's FLSA claim, including her request for liquidated damages. (Doc. 1 at ¶ 20, 33-41.) Plaintiff has not established that the Court can award her any additional relief on her FLSA claim. Therefore, the Court concludes that Plaintiff's FLSA claim is moot because there is no longer a live case or controversy regarding this claim.

**IV. Plaintiff's Arizona Wage Act Claim**

In Count II of the Complaint, Plaintiff alleges a claim under the Arizona Wage Act. (Doc. 1 at ¶¶ 42-47.) Defendants argue that the Court should dismiss Count II because the Court may not exercise supplemental jurisdiction over that claim in this case. (Doc. 10 at 5.) Plaintiff does not respond to that argument. (Doc. 11.) Because the Court concludes that it lacks subject matter jurisdiction over Plaintiff's FLSA claim, it does not exercise supplemental jurisdiction over Plaintiff's state law claim. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("where there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims under [28 U.S.C. §] 1367"); *see also Greener Techs. Inc. v. Enhanced Life Water Sols. LLC*, 2016 WL 6476289, at *5 (D. Ariz. Nov. 2, 2016)

---

[7] She also argues that the $5,000 wired to her account is based on the Defendants' "sole judgment" that this amount satisfied her claims. (Doc. 11 at 6.) However, she does not dispute Defendants' calculation of the damages for her FSLA minimum wage claim.

- 9 -

(declining to exercise supplemental jurisdiction after dismissal of federal claims on the merits because the case was in early stages, the court had not performed any legal analysis of the state claims, and the resolution would involve the interpretation of state law).

## V. Attorney's Fees under the FLSA

Plaintiff asserts that she is entitled to attorney's fees under the FLSA. (Doc. 1 at 7; Doc. 11 at 7.) Pursuant to 29 U.S.C. § 216(b), attorney's fees are awarded after a plaintiff secures a judgment on an FLSA claim. The Court does not resolve the issue of attorney's fees in this order. Rather, issues related to an award of attorney's fees will be resolved upon the filing of a motion pursuant to LRCiv 54.2.

## VI. Conclusion

The Court concludes that it lacks subject matter jurisdiction over Plaintiff's FLSA claim because Plaintiff has been fully compensated for all possible damages under the FLSA. Because the Court lacks subject matter jurisdiction over Plaintiff FLSA claim, it does not exercise supplemental jurisdiction over Plaintiff's state law claim. Therefore, the Court grants the motion to dismiss the Complaint.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 10) is **GRANTED** and that this matter is dismissed in its entirety.

**IT IS FURTHER ORDERED** that the Rule 16 Case Management Conference, set for August 2, 2018 (Doc. 22) is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 28th day of June, 2018.

Bridget S. Bade
United States Magistrate Judge