**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristina Rueling, | No. CV-18-00568-PHX-BSB |
| Plaintiff, | **ORDER** |
| v. | |
| MOBIT LLC, et al., | |
| Defendants. | |

Plaintiff Kristina Rueling has filed a "Motion for Attorneys' Fees and Costs." (Doc. 25.) Defendants MOBIT LLC and James Koch ("Defendants") have filed an "Opposition to Plaintiff's Motion for Attorneys' Fees and Costs and Cross-Motion for Attorneys' Fees." (Doc. 26.) The motions are fully briefed. (Docs. 27, 28.) As set forth below, the Court denies Plaintiff's and Defendants' motions.

**I.   Background**

In her complaint, Plaintiff asserted claims for failure to pay minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and failure to make timely payment of wages under the Arizona Wage Act, Ariz. Rev. Stat. §§ 23-351, 23-353, and 23-355. (Doc. 1.) Plaintiff sought to recover unpaid minimum wage compensation, liquidated damages, and statutory penalties for Defendants' alleged violations of the FLSA (*id*. at ¶ 2), as well as unpaid wages, treble damages, and statutory penalties for Defendants' alleged violations of the Arizona Wage Act. (*Id*. at ¶ 3.)

In response, Defendants filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 10.) Defendants argued that Plaintiff's FLSA minimum wage claim was moot because a non-party, MOBIT Technologies Ltd., the New Zealand company that had contracted with Plaintiff, had wired $5,000 to Plaintiff's bank account. (*Id*. at 2.) Defendants asserted that this amount covered the wages allegedly owed to Plaintiff under her contract, plus an additional sum. (*Id*., Ex. 1 at ¶ 8.)

The Court found that Plaintiff's minimum wage claim under the FLSA was moot because Plaintiff "ha[d] been fully compensated for all possible damages under the FLSA." (Doc. 23 at 10.) Therefore, the Court granted Defendants' motion to dismiss Plaintiff's FLSA claim. The Court declined to exercise supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Act and dismissed this matter in its entirety. (*Id*. at 9-10.)

**II. Plaintiff's Motion for Attorney's Fees**

In her motion for attorney's fees, Plaintiff argues that she is the prevailing party on her FLSA minimum wage claim, even though she did not obtain a favorable judgment, and therefore she is entitled to an award of attorney's fees. (Doc. 25 at 2-3.) In their response to Plaintiff's motion, Defendants argue that they are not Plaintiff's employers and therefore she has named the wrong parties as defendants. (Doc. 26 at 3.) In her reply, Plaintiff argues that Defendants have waived this argument because they did not move to dismiss her claims on this basis. (Doc. 27 at 2.) Finally, Plaintiff argues that the Defendants are liable for her FLSA minimum wage claims because they were "joint employers" with non-parties MOBIT Technologies, Ltd. and Sean McDonald. (*Id*.) The Court considers these arguments below.

**A. Plaintiff's Status as Prevailing Party Without a Favorable Judgment**

In her motion for attorney's fees, Plaintiff asserts that she is the prevailing party on her FLSA minimum wage claim and therefore she is entitled to an award of attorney's fees and costs under 29 U.S.C. § 216(b). (Doc. 25 at 2-3.) Relying on *Orozco v. Borenstein*, Plaintiff asserts that although she did not obtain a judgment in her favor, she

prevailed on her FLSA claims because the lawsuit she filed caused Defendants to pay the alleged unpaid wages. (*Id*. at 3 (citing *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz. Aug. 18, 2013)).) In *Orozco*, the court dismissed the plaintiff's FLSA minimum wage claim as moot after the defendant paid the unpaid wages and liquidated damages. *Orozco*, 2013 WL 4543836, at *2. The court held that even though plaintiff did not obtain a favorable judgment on his FLSA minimum wage claim, he was the prevailing party and entitled to attorney's fees because the filing of the lawsuit caused defendants to pay the unpaid wages. *Id*. In *Orozco*, the court addressed circumstances that are similar to this case. In both cases, after filing suit, but before a favorable judgment or settlement, the plaintiffs received full compensation for their claims and their claims were dismissed as moot. Thus, the court's decision in *Orozco* supports Plaintiff's argument that, in some circumstances, a favorable judgment is not required for an award of attorney's fees under the FLSA.

The *Orozco* decision, however, does not address the issue presented in this case—whether Defendants were Plaintiff's employer and thus can be liable for her FLSA wage claims or attorney's fees. In *Orozco*, the defendants filed an answer and admitted that they employed the plaintiff, that they were an enterprise engaged in commerce with an annual gross volume of sales or business of not less than $500,000, and that they were an employer. *Orozco v. Borenstein, et al*, CV 11-2305-PHX-FJM, Doc. 11 at ¶¶ 1, 15, and 16. In contrast, in this case Defendants have consistently asserted that they are not Plaintiff's employer. Therefore, the Court concludes that Plaintiff's reliance on *Orozco* to support her claim for attorney's fees is misplaced.

In their response to Plaintiff's motion for attorney's fees, Defendants argue that Plaintiff did not prevail on her FLSA claim because the Court granted Defendants' motion to dismiss and entered judgment in their favor.[1] (Doc. 26 at 4.) The Court, however, does not address the parties' arguments on whether Plaintiff should be

---

[1] Although Defendants do not cite authority to support this argument, the Eleventh Circuit has held, in circumstances similar to this case, that "[t]he FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enters., Inc.,* 667 F.3d 1199, 1205-06 (11th Cir. 2012)

considered the prevailing party in the absence of a favorable judgment. Instead, as set forth below, the Court concludes that Plaintiff did not establish an essential element of her FLSA claim—that Defendants were her employers—and therefore she did not establish their liability under the FLSA for damages or attorney's fees.

### B. Defendants Did Not Waive Defenses to Merits of Plaintiff's Claims

Plaintiff argues that Defendants waived any argument that they were not her employers because they did not move to dismiss the complaint on this basis. (Doc. 27 at 2.) Plaintiff argues that Defendants should have asserted that they were not her employer "in the pre-judgment phase of this lawsuit." (*Id.*) Plaintiff does not provide any support for her suggestion that a defendant who files a motion to dismiss for lack of subject matter jurisdiction, before answering, is required to move to dismiss on every available basis.

Defendants' assertion that they are not Plaintiff's employer is a defense to the merits of Plaintiff's FLSA minimum wage claim. *See* 29 U.S.C. § 216(b) (addressing an employer's liability for unpaid wages and attorney's fees); *Richardson v. Alaska Airlines, Inc.*, 750 F.2d 763, 766 (9th Cir. 1984) (holding that the Age Discrimination in Employment Act, which incorporates the remedial provisions of the FLSA including the attorney's fee provisions of § 216(b), does not allow an award of attorney's fees against a non-employer). A defense to the merits of a plaintiff's claims is not waived because a defendant files a motion to dismiss for lack of subject matter jurisdiction, before filing an answer, and does not argue its defense to the merits of the claim in that motion. *See* Fed. R. Civ. P. 12(b); *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101 (1998) (rejecting doctrine of "'hypothetical jurisdiction' that would allow a court to resolve questions of law when its jurisdiction is in doubt" and explaining that "Article III jurisdiction is always an antecedent question.").

Therefore, the Court concludes that Defendants were not required to move to dismiss the complaint on the basis that they were not Plaintiff's employers, either before

filing their motion for lack of subject matter jurisdiction or as part of that motion, and therefore they did not waive this argument.

### C. The FLSA Imposes Liability for Wage Claims on Employers

The FLSA requires employers to pay their employees a minimum hourly wage and overtime compensation. *See* 29 U.S.C. § 206 ("[e]very employer shall pay to each of his employees . . . wages at the following rates: . . ."), § 207(a)(1) ("no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."). The FLSA creates a private right of action against any employer who violates § 206 (the minimum wage requirement) or § 207 (the overtime compensation requirement). *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (stating that "[i]f a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay") (citing 29 U.S.C. § 216(b)).

In its remedial provisions, the FLSA states that an employer who violates § 206 or § 207 shall be liable to its employee for unpaid wages, liquidated damages, and attorney's fees:

> Any *employer* who violates the provisions of section 206 or section 207 of this title shall be liable to the *employee or employees* affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in the preceding sentences may be maintained *against any employer . . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action*.

29 U.S.C. § 216(b) (emphasis added). The Ninth Circuit has held that this section allows recovery from an employer who violates the FLSA, and has explained that "the word 'defendant' is used to describe the party who may be liable for the plaintiff's attorney's fees . . . . [and] refers to the employer against whom the charge of violation has been brought." *Richardson*, 750 F.2d at 766 (quoting 29 U.S.C. § 216(b).) Therefore, Plaintiff

may not recover attorney's fees from Defendants unless they were her employers at the time she alleges she was not paid the required minimum wage.

### D. Plaintiff Did Not Establish that Defendants Were Her Employers

In their motion to dismiss, Defendants asserted that Defendant MOBIT LLC is a Delaware-based company that has no employees or contractors. (Doc. 10, Ex. 2.) Defendants further asserted that Defendant MOBIT LLC never had a contract with Plaintiff. (*Id*. at 2, n.2; Ex. 1 at ¶¶ 3-5.) Defendants also asserted that Plaintiff was a contractor with non-party MOBIT Technologies Ltd., and not an employee. (*Id*., Ex. 1 at ¶¶ 2-3.) In her response to the motion to dismiss, Plaintiff did not respond to these assertions and instead referred to the actions of "MOBIT" and did not specify whether she was referring to Defendant MOBIT LLC or non-party MOBIT Technologies Ltd. (*See* Doc. 11; Doc 23 at 2.) In its order on the motion to dismiss, the Court acknowledged Defendants' argument that they were not Plaintiff's employer, but noted that because Defendants "d[id] not seek dismissal of Plaintiff's claims on that basis . . . the Court d[id] not need to address this issue to resolve the motion to dismiss." (Doc. 23 at 2, n.1.)

Although Defendants asserted that they were not Plaintiff's employers in their motion to dismiss, and the Court noted Plaintiff's failure to address this issue in its order on that motion, Plaintiff does not address this issue in her motion for attorney's fees. (*See* Doc. 25.) Instead, Plaintiff argues that "Defendants" wired money to her bank account (*id*. at 2), and that she is a prevailing party because "Defendants wire[d] Plaintiff all of her minimum wages" after she filed suit. (*Id*. at 3.) Plaintiff does not refer to any specific entity (MOBIT LLC or MOBIT Technologies Ltd.) in these arguments, she does not argue that Defendant MOBIT LLC wired money to her bank account, and she does not argue that Defendants MOBIT LLC or Koch were her employers.

In their response to Plaintiff's motion for attorney's fees, Defendants again assert that Plaintiff filed this matter against the incorrect parties and that the appropriately named party, if any, is not named as a defendant. (Doc. 26 at 3–4.) Defendants argue

that the Court should deny Plaintiff's motion because they were not Plaintiff's employers and therefore Plaintiff cannot recover fees against them under the FLSA. (*Id*. at 3.) In her reply, Plaintiff does not dispute that she must establish that Defendants were her employers as an element of her FLSA minimum wage claim. (*See* Doc. 27.) Instead, Plaintiff argues that "the named Defendants were her joint employers along with two other unnamed parties that reside out of the country, MOBIT Technologies and Sean McDonald." (Doc. 27 at 2.) Plaintiff's argument assumes that she is an "employee" of MOBIT LLC, Koch, MOBIT Technologies Ltd., or McDonald. As set forth below, Plaintiff has not presented any information or argument to establish that she is an "employee" under the FLSA.

### 1. The FLSA Definition of "Employee" and "Employer"

The FLSA defines an "employee" as an "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). The determination of whether a party is an "employer" within the meaning of the FLSA is a question of law. *Bonnette v. Cal. Health and Welfare Agency,* 704 F.2d 1465, 1469 (9th Cir. 1983), *overruled on other grounds Garcia v. San Antonio Metro. Transit Auth.*, 471 U.S. 1049 (1985). "Courts have adopted an expansive interpretation of the definition of 'employer' and 'employee' under the FLSA, to effectuate the broad remedial purpose of the [FLSA]." *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979). Under that expansive interpretation, "employees are those who as a matter of economic reality are dependent upon the business to which they render service." *Id.*

Courts often invoke the following six factors articulated in *Real* when analyzing the "economic reality" of a situation: (1) "the degree of the alleged employer's right to control over the manner in which the work is performed"; (2) "the alleged employee's opportunity for profit or loss depending upon his managerial skill"; (3) "the alleged employee's investment in equipment or materials required for his task, or his

employment of helpers"; (4) "whether the service rendered requires a special skill"; (5) "the degree of permanence of the working relationship"; and (6) "whether the service rendered is an integral part of the alleged employer's business." *Id.* These factors, however, are not exhaustive and "[t]he presence of any individual factor is not dispositive of whether an employee/employer relationship exists." *Id.* Instead, the "economic reality" controls regardless of whether contractual language purports to describe a working relationship. *Id.* Even "the subjective intent of the parties . . . cannot override the economic realities reflected in the factors." *Id.*

Plaintiff's motion and reply do not address the "economic reality" of her relationships with the Defendants or with non-parties MOBIT Technologies Ltd. and McDonald. Plaintiff has not addressed the *Real* factors or provided any other information or argument to support her claim that she was an employee of Defendants or non-parties MOBIT Technologies Ltd. or McDonald. Therefore, she has not established that she was an "employee," as that term is defined by the statute and explained in Ninth Circuit case law. Because Plaintiff has not established this essential element of her FLSA minimum wage claim, she has not established that she is entitled to unpaid wages, damages, or attorney's fees. *See* 29 U.S.C. § 216(b).

### 2. Joint Employer Liability under the FLSA

Furthermore, even if Plaintiff had established that she was an employee of non-party MOBIT Technologies Ltd., or non-party McDonald, or Defendants, she has not established that Defendants and these non-parties were "joint employers." Two or more employers may be joint employers of an employee, with each employer having individual liability for compliance with the FLSA. *Bonnette*, 704 F.2d at 1469 (citations omitted). The Department of Labor regulations provide the following examples of joint employment situations: "[w]here one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee"; or [w]here the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or

indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer." *Id*. at 1470 (quoting 29 C.F.R. § 791.2(b).)

The determination of "joint employers" is based on a consideration of the total employment situation and the economic realities of the work relationship. *Bonnette*, 704 F.2d at 1470. The court considers the following four factors in making this determination: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*. (citations omitted).

Plaintiff does not address these factors. Instead, Plaintiff attempts to support her assertion that Defendants and non-parties MOBIT Technologies Ltd. and McDonald were her joint employers by noting that Defendants "obtained intimate knowledge and documentation related to Plaintiff's pre-litigation communications with MOBIT Technologies, payment detail from the $5,000.00 bank transaction between MOBIT Technologies and Plaintiff, and a sworn statement from CEO of MOBIT Technologies." (Doc. 27 at 3.) Plaintiff argues that these facts establish that "[t]he entities are unquestionably related." (*Id*.)

Even if the Court accepted Plaintiff's arguments and concluded that Defendants and non-parties MOBIT Technologies Ltd. and McDonald were "related" entities, or that they shared information, these conclusions would not establish that they were joint employers. Plaintiff has provided no information or argument from which the Court could evaluate the economic realities of any relationship between Defendants, the non-parties, and Plaintiff. Therefore, her conclusory assertion that Defendants and non-parties MOBIT Technologies Ltd. and McDonald were "joint employers" does not establish that any of these parties or non-parties was her employer. Therefore, she has not established an essential element of her FLSA wage claim and she is not entitled to unpaid wages, damages, or attorney's fees. *See* 29 U.S.C. § 216(b).

### III. Defendants' Motion for Attorney's Fees

In their motion for attorney's fees, Defendants argue that Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings and, therefore, the Court should impose sanctions under 28 U.S.C. § 1927 and award Defendants $9,267.00 in attorney fees. (Doc. 26 at 7-8.) Defendants argue that the Court should award their attorney's fees as a sanction against Plaintiff's counsel for "(1) knowingly and intentionally pursuing claims against the incorrect party; and (2) continuing to seek relief under the FLSA after receiving a payment that exceeded the maximum recovery available, including unnecessarily opposing Defendants' motion to dismiss." (*Id*. at 7.)

In response to Defendants' argument that Plaintiff's counsel knowingly pursued claims against the wrong parties, Plaintiff argues that her counsel acted appropriately because "he suspected that the named entities were joint employers." (Doc. 27 at 4.) Defendants do not respond to these arguments in their reply and instead reassert their arguments that Plaintiff's counsel knowingly pursued moot claims. (Doc. 28 at 1-2.) Similarly, Plaintiff does not respond to Defendants' argument that her counsel unreasonably pursued moot claims. Instead, Plaintiff argues that Defendants' motion is untimely under Local Rule 54.2. This argument fails under the plain language of Rule 54.2, which states that the rule does not apply to claims for attorney's fees under 28 U.S.C. § 1927. *See* LRCiv 54.2. Nonetheless, as set forth below, the Court does not find that Plaintiff's counsel acted in bad faith and, therefore, denies Defendants' motion for attorney's fees.

#### A. Sanctions Under § 1927

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Ninth Circuit has held that "unreasonably and vexatiously . . . implies a bad faith or intentional misconduct requirement not explicit in the statute." *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982).

Consequently, "[s]anctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (citation omitted). The Ninth Circuit has found that "bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (citation and internal quotation marks omitted). An argument is frivolous when its resolution is "obvious" or it is "wholly without merit." *Nat'l Mass Media Telecomm. Sys., Inc. v. Stanley* (*In re Nat'l Mass Media Telecomm. Sys., Inc.*), 152 F.3d 1178, 1181 (9th Cir. 1998).

### B. Plaintiff's Counsel Pursued Moot Claims

In this case, Plaintiff pursued her FLSA minimum wage claim against Defendants after non-party MOBIT Technologies Ltd. wired Plaintiff $5,000, which she did not return. On March 15, 2018, Defendants' counsel sent an email to Plaintiff's counsel informing them of the wire transfer and how it compensated Plaintiff fully for her alleged statutory damages. (Doc. 26, Ex. 3, Attach. A.) Defendants' counsel reiterated the effect of the $5,000 payment in a March 16, 2018 email, stating that Plaintiff "knowingly sued the wrong parties and that [Plaintiff] has received payment in full [for her FLSA claim]." (*Id.*) On March 27, 2018, Defendants' counsel sent additional emails to Plaintiff's counsel advising them that their client has been paid an amount that exceeded what she could recover for her FLSA wage claim and therefore her claim was moot. (*Id.*, Ex. 3, Attach. B.)

On April 2, 2018, Defendants filed a motion to dismiss for lack of subject matter jurisdiction and argued that Plaintiff's wage claim was moot because she had been fully compensated for any damages. (Doc. 10.) Defendants also asserted that Plaintiff had named the wrong parties, but they did not move to dismiss Plaintiff's FLSA claims on this basis. The Court granted the motion to dismiss. (Doc. 23.) Although the Court rejected Plaintiff's arguments in response to Defendants' motion to dismiss, it does not find that counsel engaged in intentional misconduct or acted in bad faith. Therefore, the Court denies Defendants' motion for attorney's fees as a sanction under § 1927.

## IV. Conclusion

As set forth above, Plaintiff did not establish an essential element of her FLSA claim—that Defendants were her employers—and therefore she did not establish their liability under the FLSA for damages or attorney's fees. Therefore, the Court denies Plaintiff's motion for attorney's fees. Additionally, although the Court finds that Plaintiff's counsel pursued moot claims, it does not find that counsel acted in bad faith and therefore denies Defendants' motion for attorney's fees.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Attorneys' Fees (Doc. 26) is **DENIED**.

Dated this 19th day of November, 2018.

_____
Bridget S. Bade
United States Magistrate Judge